IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1131-CMA-KLM (consolidated with 13-CV-1133)

MARK G. GLAZIER LIVING TRUST and
GLAZIER FAMILY 2004 IRREVOCABLE TRUST

       Plaintiffs,

v.

ROGER C. BOWDEN,
MOUNT YALE INVESTMENT ADVISORS, LLC,

MOUNT YALE PRIVATE EQUITY FUND, L.P.
MOUNT YALE HIGHLAND FUND, L.P. f/k/a
MOUNT YALE SELECTIVE MANAGERS FUND

MOUNT YALE PRIVATE EQUITY PARTNERS, LLC,
MOUNT YALE CAPITAL GROUP, LLC,
MOUNT YALE ASSET MANAGEMENT, LLC, and

MOUNT YALE GUARDIAN FUND, A SERIES OF
MOUNT YALE MASTER PORTFOLIOS, L.P.

       Defendants.

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties' Joint Agreed Motion Requesting Entry of a Protective Order is before the Court and the issues presented in this action involve confidential commercial and personal information,

NOW THEREFORE, THE COURT HEREBY ENTERS a Protective Order in the following form:

1. <u>Nondisclosure of Stamped Confidential Documents</u>. Except with the prior written consent of the producing party, or as hereinafter provided under this Stipulation for Protective Order and Protective Order, no marked or stamped confidential document may be disclosed to any person. A "marked or stamped confidential document" means any document which bears the legend "CONFIDENTIAL." A party shall designate a document as CONFIDENTIAL only if it in good faith makes a determination that such information may contain or reveal trade secrets, know-how, confidential, personal, commercially sensitive or proprietary matters that the designating party has maintained in confidence, is under an obligation to maintain in confidence, or, if newly created, will maintain in confidence.

2. <u>Other Designation of Documents as Confidential</u>. Documents containing Confidential Information that a producing party fails to mark or stamp, such as those documents that previously have been disclosed in this litigation before the date of this Stipulation for Protective Order and Protective Order, may be appropriately designated confidential at any time after production by appropriate written notice to the receiving party identifying such documents, without the need to stamp such documents as CONFIDENTIAL.

3. <u>Definitions</u>. For purposes of this Stipulation for Protective Order and Protective Order, the term "document" means all written, recorded or graphic material and any object or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure. "Confidential Information" means the confidential, personal, commercially sensitive or proprietary information contained or revealed in any marked

confidential document and includes, but is not limited to, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs and any other media that quote, summarize, or contain materials or information designated as "Confidential" in accordance with this Order. Confidential Information is to be accorded the same treatment as a marked or stamped confidential document. To the extent feasible all such documents, exhibits and other media containing Confidential Information shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

4. <u>Inadvertent Production</u>. In the event any producing party discovers, after it has produced information, that it has inadvertently produced Confidential Information that has not been correctly designated as "Confidential," the producing party may, within a reasonable time of the discovery of inadvertent production, correct that error by a subsequent designation made in writing specifically identifying the designated information. Upon receipt of such notice, the parties shall henceforth treat such information in accord with this Stipulation for Protective Order and Protective Order; provided, however, that if such information previously was disclosed to a person not authorized to review Confidential Information in accordance with the Stipulation for a Protective Order and Protective Order, the disclosing party or entity is under no duty to retrieve such information.

5. <u>Permissible Disclosures</u>. Notwithstanding paragraphs 1 and 2, marked or stamped confidential documents may be disclosed to the parties to this action and any employee or agent thereof; to counsel for the parties in this action who are actively

engaged in the conduct of this litigation; to the partners, associates, secretaries, legal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to the authors and identified recipients of the documents; and to the Court and its personnel (including court reporters, persons operating video recording equipment at depositions and any special master appointed by the Court). Such documents may also be disclosed:

    a.    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    b.    to outside consultants or experts retained for the purpose of assisting counsel in this litigation.

    6.    <u>Statement</u>. Any individual, except those listed in the introductory section of paragraph 5, to whom disclosure of Confidential Information is made shall sign an agreement, in the form set forth in Exhibit A, containing:

    a.    a recital that the signatory has read, fully understands and agrees to be bound by the terms of this Stipulation for Protective Order and Protective Order;

    b.    a recital that the signatory understands that unauthorized disclosures of the marked or stamped confidential documents and Confidential Information constitute contempt of court; and,

    c.    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

The party providing such documents to an individual not listed in the introductory section of paragraph 5 and obtaining such an agreement shall provide the executed agreement to the opposing parties within five (5) business days of such disclosure.

7. <u>Use of Documents</u>. All documents produced shall be used solely for the purpose of this litigation, regardless of whether they have been designated as confidential.

8. <u>Declassification</u>. A party (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that a document (or category of documents) stamped as CONFIDENTIAL is not entitled to such status and protection. The entity producing the document shall be given seven (7) days written notice of such application and an opportunity to respond. Prior to applying to the Court for such a ruling, the moving party must meet and confer, consistent with D.C.COLO.LCivR 7.1.

9. <u>Maintenance of Confidential Information</u>. Information designated as "CONFIDENTIAL" shall be maintained only at the offices of Pendleton, Wilson, Hennessey & Crow, P. C., Maslon Edelman Borman & Brand, LLP or Reilly Pozner, LLP, and the offices of any other person authorized to receive Confidential Information pursuant to this Stipulation for Protective Order and Protective Order.

10. <u>Confidential Information in Depositions</u>.

    a. During a deposition a deponent may be examined about or shown marked or stamped confidential documents when it is reasonably necessary to do so. However, a deponent who is not a party or a representative of a party shall be furnished

a copy of this Stipulation for Protective Order and Protective Order before being examined about stamped confidential documents.

b. If any person who does not fall within the categories of persons listed in paragraph 5 is in attendance at a deposition and the question begins to deal with a marked confidential document or Confidential Information contained or revealed therein or other confidential matters, that person shall leave the room until questioning moves on to non-confidential matters. This paragraph shall not constitute a waiver by any party of the right to oppose the attendance of such persons at a deposition.

c. If any party examines any deponent about or shows a marked or stamped confidential document to any deponent, that party shall send the entity producing the document a copy of the deposition transcript. The producing entity, within fourteen (14) days after receiving any deposition transcript, may designate pages of the transcript and exhibits thereto as confidential. Parties and deponents may within fourteen (14) days after receiving a deposition transcript designate pages of the transcript and exhibits thereto as confidential. Until expiration of the fourteen (14) day period, the entire deposition transcript and exhibits thereto will be treated as subject to protection against disclosure under this Stipulation for Protective Order and Protective Order. Any waiver by failure to designate is limited to that specific transcript and documents attached thereto as exhibits.

d. In no instance will a party designate an entire deposition transcript as "Confidential" or otherwise subject to this Protective Order. Instead, the designating

party has the duty to reasonably designate the actual part of the testimony it believes to be "Confidential" or otherwise subject to this Protective Order.

11.   Use of Confidential Information in Pre-Trial or Trial Proceedings. A party may offer marked or stamped CONFIDENTIAL documents and other Confidential Information in evidence at trial or use such evidence in any other hearing in this case only after providing the entity producing the documents with seven (7) days written notice of an intent to make an offer of or use such evidence. If, within the seven (7) day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion or ruled that disclosure is permissible. Confidential Information shall not lose its confidential status through such offer or use. If a party is unable, because of the exigencies of the circumstances or applicable rules of court, to provide seven (7) days' notice of an intent to make an offer of or use such evidence, the party shall file such evidence under seal in accordance with paragraph 13 of this Stipulation for Protective Order and Protective Order.

12.   Counsel for the parties shall exercise all reasonable care not to needlessly disclose Confidential Information in the public record of the proceeding. In addition, the Court shall take those measures it deems appropriate to prevent unnecessary disclosures of Confidential Information.

13.   Summaries, Exhibits and Reproductions Containing Confidential Information. The legend "CONFIDENTIAL" shall be placed in a conspicuous manner on the following documents:

      a.    All photocopies or other reproductions of marked or stamped CONFIDENTIAL documents made in the course of trial preparation;

      b.    All documents prepared by or at the request of counsel for the parties containing, reflecting or referring to Confidential Information; and

      c.    All summaries and exhibits prepared from or incorporating Confidential Information.

These documents shall be governed by this Stipulation for Protective Order and Protective Order.

14.    <u>Subpoena by Other Courts or Agencies</u>.  If another court, or administrative agency, or any person or entity subpoenas or orders production of marked or stamped CONFIDENTIAL documents which a party has obtained under the terms of this Stipulation for Protective Order and Protective Order, such party shall promptly notify the entity producing the documents of the pendency of such subpoena or order.

15.    <u>Filing</u>.  Marked or stamped CONFIDENTIAL documents need not be filed with the Clerk of Court except when required in connection with motions or other matters pending before the Court.  If filed, such documents shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the designation "CONFIDENTIAL" and a statement substantially in the following form:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER IN**

***Mark G. Glazier Living Trust, et al. v. Roger C. Bowden, et al.*
Case No. 2013CV01131**

**NOT TO BE OPENED OR THE CONTENTS REVEALED EXCEPT: (1) BY WRITTEN AGREEMENT OF THE PARTIES OR (2) BY ORDER OF THIS COURT**

The filings shall remain sealed while in the office of the Clerk of Court so long as they retain their status as marked or stamped CONFIDENTIAL documents and shall be made available only to persons authorized pursuant to paragraph 3 of this Stipulation for Protective Order and Protective Order.

16. <u>Use</u>. Persons obtaining access to marked or stamped CONFIDENTIAL documents under this Stipulation for Protective Order and Protective Order shall use the information only for the preparation and trial of this case, including appeal and retrials, and shall not use such information for any other purpose, including business, governmental, commercial or administrative or judicial proceedings. Nothing in this Stipulation for Protective Order and Protective Order shall be construed to limit, condition or otherwise restrict in any way the use by the producing entity of any document.

17. <u>Termination of Litigation</u>. Within ninety (90) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all documents which contain, reflect or describe Confidential Information received by the opposing party and in the actual or constructive custody or possession of counsel for the parties shall be returned to the producing entity at an address communicated to

them by the producing entity in writing, or, at the written request of the producing entity, destroyed.

18. <u>Modification Permitted</u>. Nothing in this Stipulation for Protective Order and Protective Order shall prevent any party or other person from seeking modification of this Stipulation for Protective Order and Protective Order. If any party or other producing entity seeks a modification of this Protective Order, the moving party shall, in good faith, confer with all other parties prior to seeking court intervention.

19. <u>Non-Waiver</u>. Nothing in this Stipulation for Protective Order and Protective Order shall prevent any party or other entity from objecting to discovery that it believes to be otherwise improper. The parties hereto and any non-party responding to discovery reserves the right to object to the production or disclosure of any documents and information which may be protected on the basis of attorney-client privilege, work product or any other basis for privilege or protection. Disclosures in this litigation shall not be deemed to constitute a waiver of privileges or protections precluding disclosure to any person other than the parties. Additionally, neither any action nor inaction in accordance with the provisions of this Stipulation for Protective Order and Protective Order, nor the failure to object to such action or inaction, shall constitute a waiver of any claim or defense by any producing entity.

20. <u>Responsibility of Attorneys</u>. The attorneys for the parties are responsible for employing reasonable measures to control, consistent with this Stipulation for Protective Order and Protective Order, duplication of, access to and distribution of marked or stamped confidential documents. Such attorneys are also responsible for

ensuring compliance with the terms of this Stipulation for Protective Order and Protective Order by their partners, associates, secretaries, legal assistants and employees to whom access to stamped CONFIDENTIAL documents may be given pursuant to paragraph 5.

21. <u>Notice of Unauthorized Disclosure</u>. If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

22. <u>Notices</u>. Any notice required by this Stipulation for Protective Order and Protective Order to be sent to any entity producing marked or stamped CONFIDENTIAL documents shall be sent in writing to any address, fax, or email specified in pleadings by the producing entity.

23. <u>Non-Termination</u>. The provisions of this Stipulation for Protective Order and Protective Order shall remain in effect at the conclusion of this case.

24. <u>Jurisdiction of the Court</u>. The Court shall retain jurisdiction over this Stipulation for Protective Order and Protective Order and the parties' counsel for purposes of enforcing the terms of this Stipulation for Protective Order and Protective Order.

*All disputes regarding CONFIDENTIAL documents shall be handled in accordance of MJ Mix's discovery dispute procedures.*

IT IS SO ORDERED.

Dated this __6th__ day of __Sept.__, 2013.

BY THE COURT:

_____
U.S. District Court Magistrate Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, the undersigned, employed or retained by _____ in connection with *Mark G. Glazier Living Trust, et al. v. Roger Bowden, et al.*, Case No. 2013CV1131, (the "Action"), hereby acknowledge that I: (1) have received a copy of the Stipulation for Protective Order and Protective Order (the "Order") entered in this action; (2) have read and understood the Order; (3) agree to be bound by all the terms and conditions of the Order; and, (4) consent to the exercise of personal jurisdiction by the Court in the Action.

I further confirm that I understand that: (1) marked or stamped confidential documents and Confidential Information are being disclosed pursuant to and subject to the terms of the Order and may not be disclosed other than pursuant to the terms stated in the Order; and, (2) that the violation of the terms of the Order (*e.g.*, using the marked or stamped confidential documents or Confidential Information for an impermissible purpose) may constitute Contempt of Court.

Dated:_____     _____
                                          Name:

{00378343.DOCX1}